UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| AARON ECKERT,<br>    *Plaintiff*,<br><br>v.<br><br>OFFICER DANIEL GRADY, *et al.*,<br>    *Defendants.* | No. 3:19-cv-982 (VAB) |

**RULING ON MOTIONS TO AMEND**

Aaron Eckert ("Plaintiff") is currently incarcerated at Cheshire Correctional Institution. He has sued Correctional Officer Grady and Lieutenant Richardson for civil rights violations. Compl., ECF No. 1 (June 24, 2019). Mr. Eckert has filed two motions for leave to amend the Complaint. First Mot. to Amend, ECF No. 8 (Oct. 4, 2019); Second Am. Compl., ECF No. 9 (Nov. 8, 2019).

For the reasons set forth below, the second motion is **GRANTED** and the first motion is **DENIED AS MOOT**.

## I.   FACTUAL ALLEGATIONS

The Complaint includes the following allegations regarding the conduct of Officer Grady and Lieutenant Richardson.

On November 16, 2016, as Mr. Eckert waited to be transferred from Bridgeport Correctional Center to MacDougall Correctional Institution ("MacDougall"), Correctional Officer Grady allegedly removed Mr. Eckert from the holding cell and asked him if he had any information about other inmates who were involved with gangs. Compl. at 5 ¶¶ 1-2. In response, Mr. Eckert allegedly cursed at and made nasty comments about Officer Grady and Lieutenant

Papoosha. *Id.* ¶ 3. Officer Grady allegedly escorted Mr. Eckert back in a holding cell and prison officials transferred Mr. Eckert to MacDougall later that day. *Id.* ¶ 4.

On November 21, 2016, Mr. Eckert allegedly learned that Officer Grady had issued him a disciplinary ticket for security risk group ("SRG") affiliation. *Id.* ¶¶ 5-6. Prison officials at MacDougall allegedly placed Mr. Eckert in a cell in the segregation unit pending the disposition of the disciplinary report. *Id.* ¶ 8. A correctional officer allegedly subsequently informed Mr. Eckert that he thought it would be difficult to "beat" the disciplinary ticket because Officer Grady had issued it based on information provided by another inmate regarding Mr. Eckert's membership in a gang. *Id.* ¶¶ 6-7.

On December 9, 2016, Mr. Eckert allegedly participated in a disciplinary hearing. *Id.* ¶ 10. Based on information provided by another inmate regarding Mr. Eckert's membership in a gang, Lieutenant Richardson, who presided over the hearing as the Disciplinary Hearing Officer, allegedly found Mr. Eckert guilty of the charge of SRG affiliation. *Id.*

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(a), "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(2). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

**III. DISCUSSION**

The Defendants have not filed an Answer to the Complaint or a motion to dismiss or to strike the Complaint or a motion for more definite statement. Thus, Mr. Eckert may file one amended complaint as matter of right.

In the first motion to amend, Mr. Eckert seeks to add three new individuals as defendants, Director of Security Antonio Santiago, Warden Allison Black, and Lieutenant Papoosha, and to add allegations regarding his readmission to Bridgeport Correctional on January 22, 2019, and his placement in the restrictive housing unit based on the prior determination by Lieutenant Richardson that he was a member of an SRG. First Mot. Amend at 2-3.

Mr. Eckert claims that Warden Black did not provide him with either notice or a hearing before sending him to a restrictive housing unit. *Id.* at 3. Mr. Eckert seeks to add Lieutenant Papoosha as a defendant because he allegedly was involved in gathering information from the inmate who made a statement regarding Mr. Eckert's involvement with a gang and Lieutenant Richardson relied on that inmate's statement to find Mr. Eckert guilty of the charge of SRG affiliation. *Id.* Mr. Eckert, however, provides no factual allegations describing the conduct of Director of Security Santiago.

In the second motion to amend, Mr. Eckert seeks to add eight new individuals as defendants. Those individuals are: Director of Security Antonio Santiago, Warden Allison Black, Warden Corcella, Counselor Supervisor/SRG Coordinator John Aldi, Lieutenant Daniel Papoosha, Commissioner Scott Semple, Director of Classification and Population Management Dave Maiga, and Correctional Officer Martin Martins. Second Mot. Amend at 2, 4-6. In addition, Mr. Eckert seeks to reassert his claims against Lieutenant Richardson and Officer

Grady regarding the issuance of a disciplinary report on November 21, 2016 and the disciplinary hearing on December 9, 2016 and to assert new allegations that occurred during the period from December 27, 2016 to April 4, 2019. *Id.* at 7-14. These new allegations are related to Mr. Eckert's placement in the SRG program, his transfer to different facilities to complete the SRG program, and his discharge from and readmission to the Department of Correction on multiple occasions. *Id.*

Because the allegations and defendants sought to be added in the first motion to amend are subsumed in the proposed amended complaint attached to the second motion to amend, the Court denies the first motion to amend as **MOOT**.

The second motion for leave to file an Amended Complaint, however, is **GRANTED**. *See* Rule 15(a)(1)(B), Fed. R. Civ. P.

The Clerk is directed to docket pages two through twenty-two of the second motion to amend **[ECF No. 9]** as the Amended Complaint. In addition, the Clerk shall docket the Exhibits **[ECF No. 13]** as exhibits to the Amended Complaint. After docketing, the Court will issue a separate ruling addressing the allegations in the Amended Complaint.

## IV.    CONCLUSION

The Motion to Amend, [**ECF No. 9**], is **GRANTED**. **The Clerk is directed to docket pages two through twenty-two of the second motion to amend, [ECF No. 9], as the Amended Complaint.** In addition, the Clerk shall docket the Exhibits, [**ECF No. 13**], as exhibits to the Amended Complaint.

The following individuals who are named in the Amended Complaint shall be added to the docket as defendants: Director of Security Antonio Santiago, Warden Allison Black, Warden

4

Corcella, Counselor Supervisor/SRG Coordinator John Aldi, Lieutenant Daniel Papoosha, Commissioner Scott Semple, Director of Classification and Population Management Dave Maiga, and Correctional Officer Martin Martins.

The First Motion to Amend, [**ECF No. 8**], is **DENIED as moot**.

    **SO ORDERED** at Bridgeport, Connecticut this 28th day of February, 2020.

_____
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE